IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

MICHAEL FRALEY,

        Plaintiff,

V.                                                        CIVIL ACTION NO. 3:06-0761

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM ORDER**

        In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

        Plaintiff protectively filed his applications on October 8, 2003, alleging disability commencing April 27, 2003, as a consequence of problems with a back injury and high blood pressure. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

        At the time of the administrative decision, plaintiff was forty-nine years of age and had obtained a high school education and attended two years of college. His past relevant employment

experience consisted of work as a carbon furnace operator. In her decision, the administrative law judge determined that plaintiff suffers from "back/herniated disc with radiculopathy," impairments which she found severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, she found plaintiff not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. Plaintiff suffered a back injury at work in November 2002, but was able to continue working until April 27, 2003, his alleged onset date. MRI's have been interpreted as showing disc bulging at the L3-4 and L4-5 levels, mainly on the left side. Dr. Greg Carico and John Fry, DC have provided most of plaintiff's treatment, with a consultation from Dr. Ignatiadis who concluded plaintiff was not a surgical candidate.[3] Consistent with the results of a September 18, 2003 Functional Capacity Evaluation ("FCE") and a September 15, 2004 Independent Medical Examination ("IME") conducted by Dr. Guberman for the Kentucky Department of Workers' Claims, the administrative law judge found plaintiff capable of lifting fifteen to twenty pounds occasionally, ten frequently, and of walking, standing and sitting up to one-third of the work day each with a sit/stand option. Plaintiff could do no climbing, repetitive bending or twisting and could

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

[3] Dr. Ignatiadis noted plaintiff's lower extremity strength, reflexes and motility were "perfectly normal." He also found it interesting that while plaintiff's symptoms were in his right lower extremity, the MRI showed disc protrusion on the left, the side opposite his symptoms.

2

only occasionally squat. He also needed to avoid hazardous machinery. The administrative law judge determined plaintiff's mental impairment caused moderate reduction in concentration which she defined as an ability to perform no more than "fairly simple, non-complex tasks."

Plaintiff argues the administrative law judge's credibility finding was erroneous; however, review of her decision reveals it is compliant with the regulations. Plaintiff alleges the administrative law judge did not take into account neck problems and cites to a 1989 MRI which showed a prolapsed C5-6 disc. Though plaintiff states he consistently complained to various physicians about his pain, this is clearly not the case with regard to neck problems. At the hearing, plaintiff mentioned he had a stiff, arthritic-type pain in his neck but characterized it as "just irritation." He did not complain of this problem to Dr. Carico or any of the other doctors who examined him. Dr. Guberman, upon performing the IME, did not detect any tenderness in the cervical spine and noted that range of motion was full. Clearly, this evidence does not indicate that plaintiff had any work-related limitations due to neck problems.

Plaintiff alleges it was error for the administrative law judge not to give controlling weight to findings from the FCE or to opinions from Dr. Carico and Dr. Woolwine. Dr. Woolwine performed a vocational evaluation of plaintiff on February 7, 2005 and expressed the opinion that plaintiff was "permanently and totally occupationally disabled." Though a treating physician, Dr. Carico's opinions must speak to the nature and severity of the claimant's impairments, be "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and not inconsistent with the other substantial evidence in the record.[4] Dr. Carico provided several opinions as to plaintiff's ability to work. On September 23, 2003 he expressed the view that plaintiff could

---

[4]20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

not perform his past work and should look for other work,[5] although on January 23, 2004, he assessed plaintiff as limited to sedentary level work, but the standing/walking limitations (two hours) and the sitting limitation (less than six hours) did not add up to an eight-hour workday. On February 24, 2004, he expressed doubt plaintiff would ever be able to return to "any kind of work event," and in a February 3, 2005 letter to the Kentucky Office of Workers' Claims he expressed the opinion that plaintiff was "totally and permanently unable to perform his prior job status."

The administrative law judge first noted that Dr. Carico's opinions that plaintiff was disabled addressed issues reserved to the Commissioner.[6] She then further pointed out that Dr. Carico's other opinion was in conflict with the findings from the FCE, wherein plaintiff was found capable of sedentary-light activities, and also with the opinion of Dr. Guberman, who assessed a residual functional capacity in the sedentary-light level range as well. The administrative law judge indicated he was unable to give Dr. Woolwine's opinion significant weight because it too pertained to issues clearly reserved to the Commissioner. It is observed that his opinion is also in conflict with the FCE findings, Dr. Guberman's assessment, the state agency medical advisors' opinions and an assessment completed by the treating chiropractor. Thus, the administrative law judge's determination that these opinions were not entitled to controlling weight is clearly in accord with the regulations and supported by substantial evidence.

Finally, plaintiff also asserts the administrative law judge did not give adequate weight to an observation made during the FCE that plaintiff could sit only thirty minutes at a time. The administrative law judge obviously did give significant weight to this finding as she determined that,

---

[5]Plaintiff testified he had not explored this possibility with vocational rehabilitation.

[6]See, 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).

while plaintiff could sit for up to one-third of the workday, he needed an option to change positions more often than allowed by regular breaks. This finding is consistent with the FCE observations, and plaintiff's argument in this regard has no support.

Plaintiff also argues the administrative law judge failed in her duty to develop the medical evidence regarding pain. There is no merit to his assertions, however, as he did not point out any evidence which is missing from the record, nor is there any indication he or his attorney requested the administrative law judge to obtain any evidence. The record contains a significant amount of medical and other evidence and appears to document very well plaintiff's treatment and evaluations for his various impairments. This argument is clearly lacking in support.

Lastly, plaintiff alleges the administrative law judge did not properly consider his impairments in combination. Again, this argument is meritless. The administrative law judge specifically noted she considered plaintiff's combined impairments in determining whether a "severe" impairment(s) was established. She also clearly considered plaintiff's impairments individually and in combination when assessing whether a listing was met or equaled. Finally, when assessing residual functional capacity and questioning the vocational expert, the administrative law judge took into account the limitations produced by all of plaintiff's impairments considered together and incorporated these limitations into a hypothetical question to the vocational expert. The Court, as a consequence, perceives no basis for this argument.

Review of the record satisfies the Court that the administrative law judge's findings as to plaintiff's impairments, credibility, residual functional capacity and ability to perform alternate work are supported by substantial evidence. The Commissioner's decision, accordingly, must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: July 14, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE